Matthias, J.
The Cleveland & Pittsburgh Railroad Company and The Pennsylvania Company filed their joint petition in the court of common pleas of Belmont county alleging that the. city of Martins Ferry had instituted an action in said court for the assessment of compensation and damages accruing by reason of the appropriation of a portion of their right of way for public street purposes; that the proposed place of crossing is occupied by four tracks of said companies, and the switch-point of the switches that serve the freight traffic of two large industrial establishments located near said railroad, and that one of said tracks is a portion of and the lead track into extensive yards used in connection with said railroad as distributing yards for a local freight district which includes the industrial establishments of said *159 city of Martins Ferry and also the city of Bellaire; that the situation of said tracks and the condition of the business of said companies is such that the appropriation of said property and the extension of said street across their right of way and tracks will unnecessarily interfere with the reasonable use of said property for railroad purposes and will inflict irreparable damage upon the plaintiffs by permanently hindering, impairing and destroying the use of said tracks and of said property as part of the yard system of the plaintiffs. Plaintiffs pray that said city be enjoined from further prosecuting said appropriation proceeding.
In its answer, as a second defense, the city averred that it had theretofore filed its petition in said court praying for an order permitting said city to cross the railway tracks and right of way of said companies at grade for the purpose of opening and extending Sherman avenue thereover; that said cause was heard upon the amended petition, the answer of said companies, the reply of the city and the evidence; that thereupon an order was entered by the court permitting said crossing at grade as prayed for; that upon appeal to the circuit court the following order was made:
“This cause came on to be heard upon the amended petition of plaintiff, the answer of the defendants and reply of plaintiff thereto and the evidence; and upon due consideration thereof, the court finds that the allegations of the said petition are true; that by reason of the situation of the land at this place, it would be impracticable, and impos *160 sible to cross said railroad track and right of way by either an overhead or an under crossing, or in any other way than at grade; that it is necessary to cross said railroad tracks at grade; and such construction is reasonably required to accommodate the public, and in order to make any crossing. It is therefore ordered and decreed that said plaintiff be and is hereby permitted to make such crossing, at grade.”
A demurrer to said second defense was overruled in the court of common pleas and a similar ruling was made in the court of appeals. Thereafter a reply was filed alleging the unconstitutionality of the so-called grade-crossing act, being Sections 8897, 8898 and 8899, General Code, and a motion of the city for judgment was sustained. A reversal of this judgment is sought by plaintiffs in error.
The statute known as the grade-crossing act, Sections 8897, 8898 and 8899, General Code, is not in conflict with Section 1 of Article II of the Constitution and is valid. State, ex rel., v. Harmon, 31 Ohio St., 250; City of Zanesville v. Zanesville Telegraph & Telephone Co., 64 Ohio St., 67, and Village of Fairview v. Giffee, 73 Ohio St., 183. The ruling of the court of appeals in that regard is therefore sustained and approved.
It was error, however, to assume that a'hearing and affirmative action upon the application of the city to extend its street over such right of way at grade necessarily included a finding that the proposed appropriation of the property of said companies for a street crossing would “not unnecessarily interfere with the reasonable use of the *161 property so crossed by such improvement.” Section 8897 et seq., General Code, were enacted for the purpose, in so far as possible, of eliminating grade crossings, and under the provisions of such sections all crossings of highways and railroads constructed subsequent to the enactment thereof must be at separate grades, unless, upon application to the court of common pleas for an order permitting such crossing at grade, the court is “satisfied that such construction is reasonably required to accommodate the public,” etc.
The court, in the proceeding here provided for, merely passes upon the character of the crossing, whether it shall be at the same or separate grade. If the court find in favor of the application and permit the crossing at grade, then the city and the railroad company stand in the same position respecting the appropriation as before such act was passed. Section 3677, General Code, has not been repealed, nor the requirements thereof, as clearly stated in The P., C., C. & St. L. Ry. Co. v. City of Greenville, 69 Ohio St., 487, in anywise modified. Rights entirely separate and distinct are considered in these sections. It is certainly clear that a refusal of permission to cross at grade would not be decisive of the question whether an appropriation for a crossing at separate grade would unnecessarily interfere with the reasonable use of the property of the railroad company. Under Section 3677 no power to appropriate is conferred unless such appropriation will not unnecessarily interfere with the use of the property to be crossed, and the ap *162 propriation proceeding cannot go forward until that question shall have been determined, whether the crossing be at the same or at separate grade, for it is jurisdictional.
Upon proper and sufficient pleading upon the part of the city, in an action instituted in the common pleas court, showing that the proposed appropriation, whether 'the crossing be at the same or separate grade, will not unnecessarily interfere with the reasonable use of the companies’ property, and further that a crossing at grade is reasonably required to accommodate the public, an issue may be made and both questions determined in the same proceeding. While the suit in which it may be determined whether a crossing shall be at the same or separate grade is in the nature of a special proceeding, regulated by statute, it is therein provided that the rights of the parties to plead shall be the same as in civil actions. There is, therefore, no reason apparent why all the questions arising under Sections 3677 and 8899, General Code, may not be heard and determined in the same proceeding, if brought in the court of common pleas. However, it is incumbent upon the city to present such issue. Here such issue was not presented and, therefore, not considered nor decided in the grade-crossing proceeding, and the order entered by the circuit court, set out in the second defense of the answer herein, negatives the suggestion that it was. The demurrer to the second defense should have been sustained.
Judgment of the court of appeals reversed, and *163 the cause remanded to that court for further proceeding- according- to law.

Judgment reversed.

Nichols, C. J., Johnson, Donahue, Newman and Jones, JJ., concur.